Filed 12/10/13  P. v. Smith CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063754 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. SCD238273, SCD244164, SCE325006) |
| KEONA SMITH, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Charles Ervin, Judge.  Dismissed.

Richard L. Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## I.

## INTRODUCTION

On January 7, 2013, the trial court sentenced Keona Smith to an aggregate term of two years eight months in prison (case Nos. SCD 238273, SCD244164, SCD325006) pursuant to plea agreements in each of the three cases.  Smith did not file an appeal from the January 7 judgment.  On February 20, the trial court granted Smith's counsel's request to award Smith additional conduct credits with respect to one of the cases (No. SCD238273).  In April 2013, Smith filed an appeal, in propria persona, from the February 20 order.  Appointed appellate counsel filed a brief presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

We conclude that we lack appellate jurisdiction over Smith's appeal.  The only order from which Smith has appealed is the February 20 order *granting* Smith's request for additional custody credits.  Because Smith was not aggrieved by this order, we must dismiss her appeal.  (See, e.g., *People v. Picklesimer* (2010) 48 Cal.4th 330, 336 (*Picklesimer*) ([affirming Court of Appeal's conclusion that "[defendant] was not aggrieved by the trial court's order . . . , the order was therefore unappealable, and the appeal must be dismissed]"; see also Pen. Code, § 1237 ["An appeal may be taken by the defendant [¶] . . . [¶] (b) From any order made after judgment, affecting the substantial rights of  the party"].)

2

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

In both January and December 2012, Smith entered into plea agreements in three cases (Nos. SCD 238273, SCD244164, SCD325006). On January 7, 2013, the trial court sentenced Smith to a stipulated term of two years eight months on the three cases. The court awarded Smith 104 total days of custody credit in No. SCD 238273.

On February 20, the trial court held a hearing because there "was some confusion" with respect to the court's award of custody credits in one of the cases (No. SCD238273). At that hearing, defense counsel requested that Smith be given additional custody credits in case No. SCD238273. The trial court agreed with defense counsel and granted the request, awarding Smith 203 total days of custody credit in case No. SCD238273.

On March 26, Smith wrote a letter to the trial judge asking for a sentence modification. In her letter, Smith stated that she had a drug problem, that her drug usage had played a large role in her commission of the charged crimes, and that she would benefit from a drug treatment program. On April 2, the court issued an order denying Smith's request.

On April 8, Smith filed a notice of appeal from the February 20 order.

On Sept 20, counsel filed a *Wende* brief. After this court received counsel's brief, we provided Smith with the opportunity to file a supplemental brief. Smith did not file a supplemental brief.

3

III.

DISCUSSION

*The appeal must be dismissed*

As noted above, Smith did not appeal from the January 7, 2013 judgment. The April 8, 2013 notice of appeal is not timely as to the judgment in any event. (See Cal. Rules of Court, rule 8.308 [criminal appeal must be filed within 60 days of judgment or order being appealed].) Thus, we may not interpret the notice of appeal as effectuating an appeal from the judgment. (See *ibid.* ["no court may extend the time to file a notice of appeal"]; *People v. Mendez* (1999) 19 Cal.4th 1084, 1094 ["An untimely notice of appeal is 'wholly ineffectual: The delay cannot be waived, it cannot be cured by nunc pro tunc order, and the appellate court has no power to give relief, but must dismiss the appeal on motion or on its own motion.' [Citation.]"].)

Further, Smith was not aggrieved by the February 20, 2013 order—the only order from which she has appealed.[1] Rather, in its February 20 order, the trial court *granted* Smith's counsel's request to award her additional custody credits. Because Smith was not

---

[1] We may not construe Smith's notice of appeal as seeking review of the April 2 order because, even assuming the April 2 order is appealable, we may not construe Smith's notice of appeal, which refers expressly and only to the February 20 order, as also applying to the April 2 order. (See *Colony Hill v. Ghamaty* (2006) 143 Cal.App.4th 1156, 1171 [" ' "[W]here several judgments and/or orders occurring close in time are separately appealable . . . , each appealable judgment and order must be expressly specified—in either a single notice of appeal or multiple notices of appeal—in order to be reviewable on appeal." ' [Citation.]"]; *Unilogic, Inc. v. Burroughs Corp.* (1992) 10 Cal.App.4th 612, 625 [" 'The rule favoring appealability in cases of ambiguity cannot apply where there is a clear intention to appeal from . . . one of two separate appealable judgments or orders. [Citation.]' "].)

aggrieved by the February 20 order, we must dismiss the appeal.  (See, e.g., *Picklesimer*, *supra*, 48 Cal.4th at p. 336; Pen. Code, § 1237.)

IV.

DISPOSITION

The appeal is dismissed.

 

 

_____

AARON, J.

WE CONCUR:

_____
McCONNELL, P. J.

_____
O'ROURKE, J.